*248 OPINION.
Lansdon:
There appears to be no doubt that the petitioner sustained a loss in the amount of the principal of the notes as a result of his loan to the Mollohans. The only question for this Board to determine is whether the loss occurred in 1919, when the loans were made, or in 1922, when the worthlessness of the security was ascertained. The petitioner contends that the loss sustained is comparable to an embezzlement or theft, and that, therefore, it occurred at the date when he parted with his money. With this view we are unable to agree.
The loan was made to individuals who gave their notes therefor. It is not disputed that the signers of such notes were the identical persons who negotiated the loans. The chattel mortgage was no more than security for the payment of the notes. For all the record discloses, the Mollohans, at the time they made the notes, may have owned all the cattle enumerated in the mortgage. In any event, the loans were evidenced not by the mortgage, but by the promissory notes of the Mollohans. We are of the opinion that, regardless of the value of the security, the transaction created a debt. Such debt, not having been ascertained to be worthless until 1922, can not, therefore, be deducted from the petitioner’s gross income in the taxable year.
There is no evidence in the record upon which we can base a finding of fact that the petitioner sustained a loss in 1919 by the theft or other misappropriation of Liberty bonds of the value of $1,000.

Judgment will be entered for the respondent.